FILED
SUPERIOR COURT
OF GUAM

2021 FEB -2 PM 4 44

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0450-20** |
| | GDP Report No. 20-26811 |
| Plaintiff, | |
| | |
| vs. | |
| | |
| | **DECISION AND ORDER** |
| **JAMES BENJAMIN ABRAHAM WHITE** | **(Defendant's Motion and Application** |
| **LONGA POWELL,** | **for Bail Redetermination)** |
| DOB: 08/21/1998 or 08/21/1999 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on December 16, 2020 and January 6, 2021, for a hearing on Defendant James Powell's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A § 40.50 For Release on Personal Recognizance ("Motion for Bail Redetermination"), filed on November 10, 2020. Present via Zoom were Defendant James Benjamin Abraham White Longa Powell ("Defendant"); Attorney David Highsmith of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam (the "People"). On January 6, 2021, the Court **DENIED** Defendant's Motion from the bench. The Court now issues this Decision and Order to memorialize its ruling and comply with 8 G.C.A § 40.50(a).[1]

---

[1] Title 8 G.C.A. § 40.50(a) requires that "unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

## BACKGROUND

On October 26, 2020, Defendant was charged with Violation of a Court Order (As a Misdemeanor), Criminal Trespass (As a Misdemeanor), Harassment (As a Petty Misdemeanor), and Criminal Trespass (as a Petty Misdemeanor). Defendant was confined at the Department of Corrections pending the posting of one thousand dollars ($1,000) cash bail. Commitment Order (October 26, 2020).

On November 10, 2020, Defendant filed the instant Motion requesting the Court to release him on his personal recognizance. Mot. for Bail Redetermination, at 4 (Nov. 10, 2020). The People did not file a written opposition to the Motion; however, at both the December 16, 2020 and January 6, 2021 hearings the People opposed Defendant's release. The Victim Advocate also indicated that Rita Powell ("victim") opposed Defendant's release and requested a Stay Away and No Contact Order.[2] The Court **DENIED** Defendant's Motion from the bench and ordered that Defendant remain confined.

## DISCUSSION

Guam law entitles every person charged with an offense to be released pending trial. 8 G.C.A. § 40.10. Generally, a judge must order a charged person to be released on recognizance, unless the judge determines, in her discretion and on the basis of available information, that such release will not reasonably assure the appearance of the person or will endanger the safety of any person or the community. 8 G.C.A. § 40.15(b). "In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge shall consider the following factors:

---

[2] At the December 16, 2020 hearing, Defendant did not oppose the victim's and the People's request for a Stay Away and No Contact Order. The Court issued the Stay Away and No Contact Order on December 18, 2020.

1. The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
2. The history and characteristics of the person charged, [...]
3. The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
4. Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
5. [...]
6. Any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released."

8 G.C.A. § 40.15(c). If the judge determines that release of the charged person on his own recognizance will not reasonably assure his appearance or will endanger the safety of the community, the judge must impose the lease onerous condition that is reasonably likely to assure the person's appearance and the safety of the community. 8 G.C.A. § 40.20.

In this case, Defendant was charged with Violation of a Court Order (As a Misdemeanor), Criminal Trespass (As a Misdemeanor), Harassment (As a Petty Misdemeanor), and Criminal Trespass (as a Petty Misdemeanor) in that Defendant entered the victim's residence without privilege to do so; communicated with the victim in a manner likely to cause annoyance or alarm with the intent to harass; and knowingly violated a court order requiring him to stay away from the residence or any other specified place within five hundred (500) feet of the victim. Mag. Compl. (Oct. 26, 2020).

In applying the above factors, first, the nature of the offense charged arises from an incident on October 25, 2020, wherein Defendant was at the victim's home in violation of Court Orders to stay away from the victim in Superior Court of Guam Case No. CM0089-19, CM0031-19, and CF0605-19. Mag. Compl. (Oct. 26, 2020). The People allege that when the victim told Defendant to leave, Defendant remained on the victim's property and threatened the

victim by yelling, "if I go to jail, I'm going to put a bullet in your head." Decl. of Christine Tenorio, at 1 (October 26, 2020).

Second, the offenses charged coupled with Defendant's recent cases[3] reflect Defendant's well-established history of ignoring the Court's orders to stay away from the victim. On June 11, 2019, Defendant entered a Global Plea for CM0089-19 and CM0031-19, in which Defendant pled guilty to two counts of Violation of a Court Order. Defendant was placed on probation and ordered to "stay away, directly and indirectly, from Rita Powell." Judgment of Conviction, CM0089-19 and CM0031-19, at 3 (July 31, 2019). Defendant twice violated the court-ordered conditions of his probation. Min. Entry, at 10:56:38 AM (January 6, 2021). On February 27, 2020, Defendant pled guilty to a Violation of a Court Order in CF0605-19. Judgment of Conviction, CF0605-19 (June 9, 2020). Among the conditions imposed by the Judgment, Defendant was to stay at least five hundred (500) feet away from the victim, Rita Powell, and stay away from her residence, and to have no contact with the victim. *Id.* at 2. On July 26, 2018, Defendant pled guilty to Theft of Property in CF0412-17. Judgment of Conviction, CF0412-17 (Aug. 21, 2018). As a condition of Defendant's probation, the Court ordered that Defendant stay away from the victim, Rita Powell. *Id.* at 2.

Third, Defendant's history and pattern of continuously ignoring court orders to stay away from the victim reflects a high risk that his release would pose a danger to the community and the victim in this case. Fourth, at both the December 16, 2020 and January 6, 2021 hearings, the People informed the Court that the victim opposes Defendant's release. Min. Entry, at 10:41:42 AM (December 16, 2020); Min. Entry, at 10:51:09 AM (January 6, 2021).

---

[3] Defendant currently has four (4) active cases wherein the victim in this case (Rita Powell) is also named as the victim: CM0089-19, CM0031-19, CF0605-19, and CF0412-17.

Lastly, at the December 16, 2020 hearing, the Court granted Defendant's request for a continuance to allow Defendant time to coordinate with the Probation Services Division to complete an Eligibility Assessment for the Electronic Monitoring Program. Min. Entry, at 10:44:55 AM (Dec. 16, 2020). However, at the January 6, 2021 hearing, Defendant could not provide the Court with a physical location where he intends to reside upon release, and informed the Court he would not be eligible for the Electronic Monitoring Program. Min. Entry, at 10:48:53 AM, 10:56:59 AM (January 6, 2021).

Thus, in consideration of the nature of the offenses charged, Defendant's history of ignoring court orders and harassing the victim, the danger Defendant would pose to the victim and the community, the opposition of the People and the victim, and Defendant's ineligibility for the Electronic Monitoring Program, the Court finds that Defendant poses a danger to the victim and the community, and there is a substantial risk of his nonappearance before the Court for future hearings.

Therefore, the Court finds that releasing Defendant on a personal recognizance bond, without any physical location at which he will reside, or alternatively without participation in the Electronic Monitoring Program, is insufficient to ensure his presence in court and the safety of the victim and the community. Accordingly, the Court concludes that the conditions imposed by the October 26, 2020 Commitment Order are the least onerous conditions imposable to ensure Defendant's appearance and the safety of the victim and the community.

//

//

//

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion and Application for Bail Redetermination.

**SO ORDERED** this 2nd day of February, 2021, *nunc pro tunc* to January 6, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**
